RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/8/14
     JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HECTOR RODRIGUEZ-PENA<br>BOP REG. #07935-069 | DOCKET NO. 14-CV-994, SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN WERLICH | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Petitioner Hector Rodriguez-Pena filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Petitioner attacks his conviction and sentence imposed in the United States District Court for the District of Puerto Rico.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

Petitioner was tried and convicted with three co-defendants on multiple narcotics-related charges, including conspiring to import, importing, and possessing with the intent to distribute controlled substances, using a telephone in violation of 21 U.S.C. §843(b), possessing a firearm during commission of a drug trafficking offense, and aiding and abetting an attempt to kill three federal agents in the line of duty in violation of 18 U.S.C. §1114 and §2.

The conviction was affirmed on appeal. <u>U.S. v. Rodriguez-Pena</u>, 54 F.3d 764 (Table)(1st Cir. 1995); cert. denied, 525 U.S. 1128 (1999); rehearing denied 526 U.S. 1128 (1999).

In 2001, Petitioner filed a motion to vacate sentence pursuant to §2255, which was denied. He also filed a motion for downward departure in 2001, which was denied. [3:92-cr-00177; P.P.R., Doc.#358, 355] In 2006, he filed a motion to modify sentence, which was denied. [3:92-cr-00177; P.P.R., Doc.#373] In 2009, he was denied permission to file a successive 2255 motion. [3:92-cr-00177; P.P.R., Doc.#400] Also in 2009, he filed a motion for writ of audita querela pursuant to 28 U.S.C. §1651, which was denied, and affirmed on appeal. [3:92-cr-00177; P.P.R., Doc.#403, 407, 408]

Petitioner now claims that §2255 is inadequate or ineffective to challenge his conviction and sentence in light of the recent Supreme Court decision in <u>Rosemond v. U.S.</u>, 134 S.Ct. 1240 (2014).

### *Law and Analysis*

A collateral attack on a federal criminal conviction and sentence is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. §2255. <u>See</u> <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877 (5th Cir. 2000). 28 U.S.C. §2241 is used by prisoners to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. <u>See</u> <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000). A petition for writ

of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001), cert. denied, 534 U.S. 1001 (2001).

Section 2255(h) provides that in order to file a second or successive Section 2255 motion, a prisoner must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h). *Such a determination must be made by a three-judge panel of the court of appeals before the successive motion is filed in federal district court.* Petitioner has not obtained permission from the appropriate Court of Appeals to file a successive 2255 motion.

A prisoner may use Section 2241 as the vehicle for attacking his conviction if it appears that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255. The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. See Jeffers, 253 F.3d at 830. A prior unsuccessful Section 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does

not make Section 2255 inadequate or ineffective.

To show that the remedy under 2255 is inadequate or ineffective, Petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original §2255 petition. <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." <u>Id.</u> at 903. Although Petitioner references the Supreme Court case of <u>United States v. Rosemond</u>, 134 S. Ct. 1240 (2014), this case has not been declared retroactively applicable by the Supreme Court.

Petitioner has failed to demonstrate that §2255 is inadequate or ineffective or that he has obtained permission to file a second §2255 motion, which would have to be filed in the district of conviction.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the petition be **DENIED AND DISMISSED** for lack of jurisdiction. Petitioner must obtain permission from the appropriate court of appeals in order to file a successive habeas petition.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ___ day of July, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE